# SUPREME COURT.

ANDREW HUNTER, receiver, &c., appellant agt. PHILIP J. POWELL, supervisor &c., respondent.

A cause of action in *tort*, cannot be united with one on *implied contract*.

For instance, what was formerly *assumpsit*, cannot be united with *case* for wilful negligence or malfeasance.

In this case, the second count of the complaint was stricken out on motion, (§160,) as irrelevant, hypothetical, argumentative and uncertain.

*Plattsburgh General Term, September*, 1857.
C. L. ALLEN, JAMES *and* ROSEKRANS, *Justices.*

THIS is an appeal from an order of special term, striking out of the complaint the last statement or second count of the cause of action.   That pleading avers, that on the 10th of January, 1857, the county judge of Saratoga county, made an order in an action in the supreme court, wherein Minor Montgomery was plaintiff, and Charles C. Nelson, defendant, of proceedings supplementary to the execution, directing that the demands or claims which said Nelson had against the town of Stillwater, (which was the sum of $132.04,) be applied towards the payment of the said Montgomery's judgment, against said Nelson, and did further order that plaintiff be appointed receiver of all the debts, property and equities, and rights of action of the said Nelson.   That the plaintiff having performed all things and conditions required, on the 11th of January, 1857, took upon himself the duties of receiver, and gave due notice of his appointment and of the order of the county judge to the defendant.   That the defendant afterwards, and on or about the 1st day of February following, received from the collector of the town of Stillwater, the said sum of $132.04, collected to pay the said demand, and has refused to pay the same to the said plaintiff, although often requested, &c.   The complaint then proceeds as follows : " *Or* by way of a second count or charge, the plaintiff avers that if the said defendant as such supervisor as aforesaid, did not receive of the said collector the sum of money above mentioned, it was because some arrangement or order, or directions of the defendant, made with or given the said collector to misapply the said money so collected by the said collector to apply on the said demand or claim, due said Nelson, and directed by the said judge as aforesaid to apply on said judgment, after due notice had been given to the defendant of the said order and directions of the said judge.   Wherefore, the plaintiff demands judgment from defendant as supervisor of the town of Stillwater, &c., for the amount of said $132.04, and interest." It is this matter that the judge ordered to be stricken from the complaint, and the plaintiff appeals from the order.

Hunter agt. Powell.

Z. A. LELAND, *for plaintiff.*
J. W. CULVER, *for defendant.*

By the court—C. L. ALLEN, Justice. The second count of the complaint, sets out no specific cause of action. If it be considered as a part of the first, it is then hypothetical and inconsistent, and attempts to unite two separate and distinct causes of action in the same count, which cannot be done. The whole statement is indefinite, irrelevant, hypothetical, argumentative, and uncertain, and was properly stricken out under section 160. It attempts to unite a cause of action in tort, with an action on implied contract, which cannot be done under section 167. (*See* 6 *How.* 145, 470, 8 *Id.* 470.) The defendant might have perhaps demurred to this count, but I think he had his remedy also by motion. The order of special term should be affirmed with $10 costs and disbursements, but plaintiff should have leave to amend on payment of the costs below and of this appeal, within twenty days.

The court below suggested in its opinion that the causes of action attempted to be set up in the first and second counts, might be united under the first subdivision of section 167, as they arose out of the same transaction or same subject matter. But that subdivision does not apply to different causes of action, such as uniting what was formerly assumpsit, with case for wilful negligence or malfeasance, such as are attempted to be united here. The causes of action must all belong to the same class. (2 *Code Rep.* 165; 1 *Whit. Pr.* 723. 4, &c.)